[Civ. No. 1987. First Appellate District.—March 21, 1917.]

## LEE ROY E. KEELEY, Respondent, v. HERMAN ERBE, Appellant

CONTRACT—LEGAL SERVICES—EVIDENCE—SUBSTITUTION OF ORAL AGREEMENT FOR WRITTEN CONTRACT—APPEAL.—In an action to recover the reasonable value of legal services, oral evidence is admissible to prove that after entering into a written contract providing for the payment of a contingent fee, the parties entered into a new and distinct oral agreement providing that the plaintiff should be paid a fair fee for his services, and where the court who heard such testimony and saw the witnesses believed the same, and found accordingly, the judgment will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Oscar Hudson, for Appellant.

Albert Picard, for Respondent.

THE COURT.—This is an appeal by defendant from a judgment in favor of plaintiff in an action brought by him to recover the reasonable value of legal services.

From the record it appears that the parties entered into a written contract, under the terms of which the plaintiff was to render services as an attorney at law for the defendant upon a contingent fee of twenty-five per cent of the value of certain land if title thereto should be obtained for defendant. Subsequently, according to the testimony given by plaintiff, a circumstance was called to his attention for the first time which made the prospect of securing title in the name of the defendant very doubtful; whereupon plaintiff told the defendant "that the situation did not look good to him," and refused to proceed under the contract. They then entered into an oral agreement whereby the plaintiff should proceed to render the agreed services, he to be paid a fair fee, without, however, there being any agreement as to its amount. The defendant denied that there had been a rescission and abandonment of the written contract.

Oral evidence was admissible to prove that the parties entered into a new and distinct agreement as a substitute for the written one (1 Greenleaf on Evidence, sec. 303, p. 4) ; and while perhaps such testimony under some circumstances should be viewed with distrust, nevertheless in this case the trial court who heard the testimony and saw the witnesses believed the testimony introduced by the plaintiff as to the oral agreement, and found accordingly. We are constrained, therefore, to hold that the judgment of the trial court cannot be disturbed by this court.

Judgment affirmed.